IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KYLE OSTERLUND,**

          Plaintiff,

          Case No. 3:18-cv-01180-MO

v.

**UNITED STATES OF AMERICA**; et al.          OPINION AND ORDER

          Defendants.

**MOSMAN, J.,**

          This case comes before me on Defendant United States' Motion to Dismiss for Lack of Jurisdiction [ECF 32], which moves to dismiss Plaintiff Kyle Osterlund's Second Amended Complaint ("SAC") [ECF 31]. I dismissed Mr. Osterlund's First Amended Complaint ("FAC") [ECF 8] at a hearing held on August 5, 2019, but granted him leave to amend his complaint to address the defects identified at the hearing. [ECF 27]. Because the SAC shows no improvement, I GRANT Defendant's motion and DISMISS this case with prejudice.

## BACKGROUND

          Mr. Osterlund filed this action on July 3, 2018. Compl. [ECF 1]. In his FAC, Mr. Osterlund alleged that he received medically negligent treatment from Dr. John M. Najera at the Clackamas County Gladstone Health and Wellness Center ("Gladstone"). FAC [8] ¶¶ 2, 10. Specifically, he alleged that Dr. Najera over-prescribed him oxycodone. *Id.* ¶ 10. In addition, he alleged that his "visit records were reviewed by a second medical team member and were not modified to change the prescription of opiates." *Id.* ¶ 11.

1 - OPINION AND ORDER

Gladstone, which receives federal funding, is considered a "deemed" entity for purposes of the sovereign immunity waiver provision of the Federally Supported Health Centers Assistance Act ("FSHCAA"). Def's Mot. Dismiss [ECF 22] at 7. The FSHCAA expands the Federal Torts Claim Act ("FTCA") to allow suit against the United States for torts committed by certain providers at "deemed" health centers, "essentially mak[ing] the U.S. government the medical malpractice insurer for [deemed] health centers." *Dedrick v. Youngblood*, 200 F.3d 744, 745 (11th Cir. 2000). The FSHCAA allows suits for the conduct of "any officer, governing board member, or employee of such a [deemed] entity, and any contractor of such an entity who is a physician . . . ." 42 U.S.C. § 233(g)(1)(A).

Defendant moved to dismiss the FAC for lack of subject matter jurisdiction, arguing that Dr. Najera was not an employee of Gladstone and did not have a direct contract with Gladstone,[1] therefore making the sovereign immunity waiver provision of the FSHCAA inapplicable to Dr. Najera's alleged negligence. *See* Def.'s Mot. Dismiss [22] at 7-8. At oral argument on Defendant's motion, Mr. Osterlund's counsel conceded that Dr. Najera did not have a contract with Gladstone and that the express statutory waiver under the FSHCAA did not apply to Dr. Najera. Tr. [ECF 29] at 3-4. Instead, Mr. Osterlund's counsel argued that (1) independent of the FSHCAA, the "control test" under the FTCA enabled suit against the United States for Dr. Najera's alleged conduct, and (2) the United States is separately liable under the FSHCAA on a negligent supervision theory for the alleged failures of a "medical director" at Gladstone to conduct proper oversight of Dr. Najera's treatment of Mr. Osterlund. *Id.* at 4-5.

---

[1] Dr. Najera had a contract with CareOregon, a third-party entity that provided management and staffing services to Gladstone under a Health Services Agreement with Clackamas County. Def.'s Mot. Dismiss [22] at 3.

At the hearing, I made the following rulings. First, because Dr. Najera did not have a direct contract with Gladstone, Mr. Osterlund's claims against the United States for Dr. Najera's alleged negligence are not permitted under the FSHCAA's express waiver provision. Tr. [29] at 3-4, 18. Second, as an *ex ante* question of law, I held that the FTCA's "control test" does not provide an alternative route to waiver of sovereign immunity in circumstances involving deemed entities under the FSHCAA. *Id.* at 18-19. Third, I held that—even if the control test did apply in such cases—under the facts alleged in this case, Mr. Osterlund had not shown sufficient control by Defendant over Dr. Najera to enable suit against it. *Id.* at 19.

As a result of those rulings, I granted Defendant's motion to dismiss. *Id.* at 18-19. However, I permitted Mr. Osterlund to conduct further limited discovery and to amend his complaint to advance his negligent supervision theory. *Id.* at 19-20. I gave Mr. Osterlund ninety days to do so. *Id.*

On November 4, 2019, Mr. Osterlund filed his SAC. [31]. Defendant again moved to dismiss, arguing that the SAC (1) fails to establish subject matter jurisdiction over the United States, and (2) fails to state a claim for negligence. Def.'s Mot. Dismiss [32] at 1-2.

## DISCUSSION

Rather than advance the ball, the SAC takes a step backward from the FAC. Both complaints are largely the same. The main change made in the SAC is the direct replacement of any reference to Dr. Najera with the generic label "Defendant" in his stead. *Compare* FAC [8] ¶¶ 5, 6, 9 *with* SAC [31] ¶¶ 5, 6, 9. The SAC does not identify any individuals, including the purported "medical director" who allegedly failed to appropriately supervise or review Dr. Najera's treatment decisions. The only other changes made in the SAC are the addition of some generic, conclusory statements alleging, for example, failures to "train, supervise, monitor, or

regulate Defendants' agents," SAC [31] ¶ 14, and failures to "implement appropriate policies . . . to reduce the risk of malpractice," or to "review and verify professional credentials," *id.* ¶ 13.

In short, Mr. Osterlund was given three months to amend his complaint to name the individual "medical director" and to allege facts which identify how he or she negligently supervised Mr. Osterlund's treatment. The SAC does neither; rather, it provides even less notice to Defendant about what it is supposed to defend itself against. On its face, the SAC fails to address the deficiencies I identified in Mr. Osterlund's prior complaint. *See* Tr. [29] at 18-19. For those reasons, I grant Defendant's motion to dismiss and dismiss this case with prejudice.

I dismiss this case with prejudice because I am persuaded that further amendment would be futile. As described above, Mr. Osterlund was given three months to pursue rather straightforward amendments to his complaint but was unable to muster the factual allegations to support such amendments. True, in his response to Defendant's present motion, Mr. Osterlund avers some additional facts that purportedly bolster his negligent supervision theory. Specifically, he identifies Dr. Bertha Guaderrama de Moseson and Dr. Gordon Arnott, Jr. as two individuals who purportedly served as Medical Directors at Gladstone. *See* Pl.'s Resp. [33] at 3. But this is too little, too late. A response brief to a motion to dismiss is not the proper place to make new pleadings. But even if the allegations contained therein were inserted into a hypothetical Third Amended Complaint, they would still not address the problems contained in the FAC and SAC. For example, the response briefing and attached materials do not show that either of the identified individuals held the medical director position during Mr. Osterlund's treatment, nor do they assert factual allegations describing what role either of these individuals played in Mr. Osterlund's treatment, if any.

## CONCLUSION

For the foregoing reasons, I GRANT Defendant United States' Motion to Dismiss [32] and I DISMISS this case with prejudice.

IT IS SO ORDERED.

DATED this 5th day of March, 2020.

                                                        MICHAEL W. MOSMAN
                                                        United States District Judge